[No. 2868. Decided July 25, 1898.]

FRANK CARROLL, *as Receiver, Respondent*, v. THE PACIFIC NATIONAL BANK, *Appellant*.

·CORPORATIONS — AUTHORITY TO DO BUSINESS — INSOLVENCY — PREFER-
ENCES — RECEIVERS — COLLATERAL ATTACK.

Although a corporation may not have been legally formed, the ·objection cannot be raised by the corporation or one dealing with .it, to the injury or loss of other parties.

The fact that an insolvent corporation makes payment of a $1,250 note due a bank by transferring to the bank $1,200 worth of whisky would justify an inference that the bank had knowl- ·edge of the insolvent condition of the corporation.

Where a court, having jurisdiction of the parties and the subject matter, appoints a receiver, the validity of the appointment .cannot be challenged in a collateral action.

Appeal from Superior Court, Pierce County.—Hon. LEANDER H. PRATHER, Judge. Affirmed.

*E. M. Hayden,* for appellant.

*Frank Allyn* (*W. H. Pritchard,* of counsel), for respondent.

The opinion of the court was delivered by

REAVIS, J.—The New West Liquor Company was an association of several persons engaged in the liquor business in the city of Tacoma. In July, 1895, they filed articles of incorporation in the office of the secretary of state and the auditor of Pierce county. There was about $6,000 worth of merchandise and probably a total of $1,500 in accounts, at the time of the incorporation, which became the property of the company. The corporation does not seem to have had any authorized stock subscription, and its officers did not take the oath of office, but is was generally understood to be a corporation and did business under its corporate name. During this time it became indebted to the defendant bank in about the sum of $1,250. This indebtedness was evidenced by notes signed " New West Liquor Company, by J. Hall, Manager." In May, 1897, the company paid its indebtedness to the defendant bank, appellant here, by selling it whisky of the value of $1,200. During the same month and a short time thereafter, the plaintiff (respondent here) was appointed receiver of the corporation. The appellant was not a party to the application for the appointment of a receiver. The receiver was appointed at the suit of a simple contract creditor in an action against the corporation, and the respondent thereafter brought this action to set aside the transfer of the whisky to the bank. The superior court found that the New West Liquor Company was a corporation duly organized and existing under the laws of this

state;   that the receiver was a duly qualified and acting receiver of the corporation, regularly appointed in a certain action wherein Emma J. Haskin was plaintiff and the corporation was defendant;   that on the 19th day of May, 1897, the date of the transfer of the whisky to appellant, the corporation was insolvent, and that the insolvency was known to the appellant and to the officers of the corporation at that date; and that at that date they made a transfer of the whisky to the appellant bank for the purpose of paying a pre-existing indebtedness.   The superior court concluded that the property of the corporation on the 19th of May, 1897, it being insolvent, was a trust fund, in which all creditors of the corporation were entitled to share equally and ratably, and that the transfer of the whisky to the bank at that date was an attempted preference of the bank as one of the creditors of the corporation.   The value of the property so transferred to appellant was stipulated at the trial at $1,200, and the decree of the court was that that amount be paid to the receiver, or, in default, execution issue for the recovery of the same.

There is some conflicting testimony upon the question of the insolvency of the corporation on the 19th of May, 1897, and appellant excepted to the finding that the corporation was insolvent at that date.   But an examination of the testimony and inferences that may be drawn therefrom does not warrant this court in disturbing the finding. In addition to some conflict between the witnesses, the fact of the payment of notes due a bank in whisky is an unusual one, from which legitimate inferences can be drawn in favor of the theory of respondent;   and, while there was no formal subscription of the capital stock of the corporation, yet it was, at any rate, duly formed, and the legal restriction prescribed in our statute is against its doing business until such stock subscription is made.   But, hav-

ing done business, the question cannot be raised, either by the corporation or one dealing with it, to the injury or loss of other parties. The finding of the superior court that it was a corporation is approved.

It is also urged by counsel for appellant that the objection to evidence of the appointment of the receiver should have been sustained, because the suit in which the receiver was appointed was begun by a simple contract creditor. It is a sufficient answer to this objection, however, that, in an action brought by a receiver for the recovery of property claimed by him by virtue of his receivership, the defendant cannot collaterally attack the order of the court appointing a receiver. Where a court has jurisdiction of the parties and the subject matter and appoints a receiver, the validity of the appointment cannot be challenged in a collateral suit. High, Receivers (3d ed.), § 39a, and authorities cited.

The judgment of the superior court is affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.